IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. ULTRERAS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL SONGER, M.D., et al.,<br><br>  Defendants. | NO. 1:07-cv-00035-AWI-GSA-PC<br><br>ORDER DENYING MOTIONS<br><br>(Docs. 24, 25) |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court are Plaintiff's motions filed on December 11, 2009.

    Plaintiff has filed a motion titled as a "Request the United States District Court take notice under Federal rule of Evidence 201, in completed exhaustion of institutional grievances under Booth v. Churner supra."  Plaintiff apparently is requesting that judicial notice be taken of his institutional grievance forms regarding any issue that may arise as to the exhaustion of his administrative remedies.

    There is currently no motion pending that challenges Plaintiff's exhaustion of administrative remedies.  Concurrent with this order, a scheduling order will be entered, setting dates for the filing of any unenumerated Rule 12(b) motions.  Should such a motion be filed, Plaintiff will be allowed to submit documentary evidence regarding the exhaustion of his

administrative remedies.    In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  <u>Ritza Int'l v. Lonshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1998)(per curiam). The Court therefore does not need to take judicial notice of Plaintiff's inmate grievances.

Plaintiff also filed a motion titled as "Sanction is sought for Defendants misrepresentation of known facts known not to be true when stating institutional appeals have not been exhausted, and new defendants have been added."  Plaintiff specifically requests the Court to strike Defendants' motion of 12/01/09 for "making statements they know not to be true."  Plaintiff refers to Defendants' statement that the amended complaint "states on its face that Plaintiff did not exhaust administrative remedies prior to filing suit."  On page 1 of the amended complaint, Plaintiff does indeed indicate he did not exhaust, but he is referring to a prior lawsuit. Regardless, the question of whether Plaintiff exhausted his administrative remedies is not before the Court at this point in the litigation.  As noted, a deadline has been set for the filing of an unenumerated Rule 12(b) motion.  Any argument regarding exhaustion of administrative remedies prior to such a motion being filed is premature.  The Court does not find any ground on which to strike Defendants' pleading of December 1, 2009.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for judicial notice and to strike Defendants' motion of December 1, 2009, are denied.

IT IS SO ORDERED.

Dated:   **June 11, 2010**                              /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE