IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. ULTRERAS,<br><br>                          Plaintiff,<br><br>            v.<br><br>MICHAEL SONGER, M.D., et al.,<br><br>                          Defendants. | NO. 1:07-cv-00035-AWI-GSA-PC<br><br>FINDING AND RECOMMENDATION THAT THE FIRST AMENDED COMPLAINT BE DISMISSED AND DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER BE GRANTED<br><br>(Doc.  23 )<br><br>Unenumerated Rule 12(b) Motion Deadline - 9/13/2010<br>Deadline to Amend Pleadings - 9/13/2010<br>Discovery Cut-Off Date - 2/10/2011<br>Dispositive Motion Deadline - 5/10/2011 |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action was initiated by civil complaint filed on January 8, 2007. At the time the complaint was filed, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison. The complaint consisted of 110 pages of allegations, setting forth claims of constitutionally inadequate medical care. Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis. Accordingly, summons

were issued, and Plaintiff was directed to effect service upon Defendants. On January 20, 2009, Defendants Dr. Songer, Dr.Ramos, Dr. Wiltchik and Warden Vasquez filed an answer to the complaint. On January 22, 2009, a discovery and scheduling order was entered, setting forth deadlines for discovery and the filing of pretrial dispositive motions. On July 15, 2009, Plaintiff filed a motion to amend the complaint. In an order entered on July 29, 2009, the Court noted that pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may only file an amended complaint with the opposing party's written consent or with leave of Court. Plaintiff was granted a thirty day extension of time in which to file a motion for leave to file an amended complaint.

Plaintiff filed a motion for leave to file an amended complaint. Plaintiff included a certificate of service with his motion, indicating service upon counsel for Defendants. Defendants did not oppose the motion, and the Court granted Plaintiff leave to file an amended complaint. On November 23,2009, Plaintiff filed an amended complaint. On December 1, 2009, Defendants filed a motion to modify the scheduling order. Specifically, Defendants seek to vacate the existing scheduling order pending the Court's screening of the amended complaint.

The November 23, 2009, first amended complaint consists of three pages of a form complaint and a single page of narrative attachment. In his statement of claim, Plaintiff indicates that "the following are new developments plaintiff is adding to the end of his original complaint." The statement of claim, in its entirety, follows.

> On 12/06/07 as (exhibit A) shows, Plaintiff underwent spinal fusion surgery at Mercy Hospital in Bakersfield, Ca. Plaintiff asserts that this surgery and this evidence substantiate this lawsuit. This is proof that plaintiff was in fact suffering severe physical pain for years and did require spinal fusion surgery. This surgery in question and this documentation are the basis for this lawsuit. All details are explained in Plaintiff's original complaint.

> Additionally, as (exhibit B) shows, Plaintiff underwent an MRI on 4/10/09, at Kern Radiology Medical Group, Inc., in Bakersfield, Ca. These MRI results show Plaintiff's spine is now showing (5) additional bulging discs in his T-spine. This shows further permanent physical injury. Plaintiff is in severe physical pain, and his spine condition is steadily getting worse, all brought on by the

>grossly incompetent medical practice and deliberate indifference of the defendants. All details are explained in Plaintiff's original complaint.

(Am. Compl. p. 4.)[1]

Plaintiff was granted leave to file an amended complaint Pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff was not granted leave to file a supplemental complaint pursuant to Rule 15(d). An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The amended complaint fails to state a claim for relief. No individual defendant is mentioned, and Plaintiff charges no conduct to any individual defendant. This case proceeds on Plaintiff's claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."

---

[1]The Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Although the Court will liberally construe Plaintiff's amended complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf.

1  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
2  a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
3  treatment."  Id. at 1132.
4       Here, taking the facts of the amended complaint by themselves, Plaintiff has not alleged
5  any conduct on behalf of any defendant that indicates they were deliberately indifferent to a
6  serious medical need of Plaintiff's, resulting in injury to Plaintiff.  The allegations in the
7  amended complaint, while referring to a serious medical condition, state a claim for, at most,
8  negligence.  "A complaint that a physician has been negligent in diagnosing or treating a medical
9  condition does not become a constitutional violation merely because the victim is a prisoner."
10 Estelle, 429 U.S. at 106.   The November 23, 2009, amended complaint must therefore be
11 dismissed.  The original complaint in this action remains the operative pleading.
12      This action proceeds on the original complaint.  The court finds good cause to grant
13 Defendants' motion to modify the scheduling order.  Accordingly, IT IS HEREBY
14 RECOMMENDED that:
15      1. The November 23, 2009, first amended complaint is dismissed for failure to state a
16 claim upon which relief could be granted.
17      2. This action proceeds on the original complaint.
18      3. Defendants' motion to modify the scheduling order is granted
19      4. The schedule for this litigation is modified as follows:
20           a. The deadline for filing unenumerated Rule 12(b) motions is September 13,
21           2010.
22           b.  The deadline for filing a motion to amend the pleadings is September 13,
23           2010.
24           c.  The discovery cut-off date is February 10, 2011.
25           d. The deadline for filing dispositive pretrial motions is May 10, 2011.
26      These findings and recommendations are submitted to the United States District Judge
27
28                                    4

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 11, 2010**                   **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE